**Hung Nam TRAN, Petitioner– Appellant,**

v.

**Bryan BARTOW, Respondent–Appellee.**

No. 06–2682.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 20, 2006.*

Decided Dec. 21, 2006.

———

Hung Nam Tran, Winnebago, WI, pro se.

Warren D. Weinstein, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before Hon. FRANK H. EASTERBROOK, Chief Judge, Hon. RICHARD A. POSNER, and Hon. DANIEL A. MANION, Circuit Judges.

**ORDER**

Hung Nam Tran, who is being held in the Wisconsin Resource Center pending a trial under Wis. Stat. § 980 to determine whether he should be civilly committed as a sexually violent person, appeals from the dismissal of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus. The district court concluded that Tran had failed to exhaust his state remedies before turning to federal court. We affirm the judgment.

Tran was convicted of first-degree sexual assault of a child in 1992. Shortly before his release from prison in 2004, the State of Wisconsin filed a petition to have him civilly committed as a sexually violent person. *See* Wis. Stat. § 980.02. After a hearing the Circuit Court of Racine County found probable cause to believe that Tran is a "sexually violent person," *see* Wis. Stat. §§ 980.01(7), 980.04(1), and ordered him detained pending a trial on the matter, *id.* § 980.04(3). To date this trial has not taken place. More than ten months after the probable-cause hearing, Tran moved for dismissal in the circuit court, claiming a number of constitutional deficiencies with the procedures used at the hearing. That same day Tran filed his § 2241 petition with the district court. The state moved to dismiss the federal action for failure to exhaust since Tran had not received a ruling on his motion to dismiss in the circuit court or pursued the matter in the Court of Appeals of Wisconsin. *See* Wis. Stat. § 808.03(2) (allowing discretionary appeals of non-final orders). The district court agreed with the state and dismissed the § 2241 petition.

Trial on the state's petition for civil commitment has not yet occurred, so Tran's situation is analogous to that of a pretrial

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

detainee in a criminal case. Only in "special circumstances" will relief under § 2241 be available to a state prisoner before trial, *see Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979); *United States ex rel. Parish v. Elrod,* 589 F.2d 327, 329 (7th Cir. 1979), and even then only if the prisoner has exhausted available remedies in the state courts, *United States v. Castor,* 937 F.2d 293, 296–97 (7th Cir.1991). We agree with the state that Tran could have presented his constitutional claims to the Wisconsin courts by obtaining a ruling on his motion to dismiss and then seeking a discretionary appeal under Wis. Stat. § 808.03(2). *See In re Commitment of Tremaine Y,* 279 Wis.2d 448, 694 N.W.2d 462 (2005) (reviewing, under § 808.03(2), denial of pretrial motion to dismiss § 980 petition), *review denied,* 282 Wis.2d 722, 700 N.W.2d 274 (2005). Although an appeal under § 808.03(2) is discretionary, and the appellate court would not be required to hear his case, this does not mean that Tran is excused from pursuing this remedy. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). And since he did not, the district court was correct to dismiss his § 2241 petition.

AFFIRMED.